JACK RAY DYE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dye v. Commissioner
Docket No. 29737-88
United States Tax Court
T.C. Memo 1990-420; 1990 Tax Ct. Memo LEXIS 437; 60 T.C.M. (CCH) 446; T.C.M. (RIA) 90420; August 6, 1990, Filed *437 Decision will be entered for the respondent. Jack Ray Dye, pro se. Louis J. Hubbard, Jr. and William R. Leighton, for the respondent. WRIGHT, Judge. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in petitioner's 1984 Federal *438 income tax in the amount of $ 4,996. The issues for decision are: (1) whether petitioner established a "tax home" in Brunei for purposes of the section 911[1] foreign earned income exclusion; and (2) whether damages should be awarded to the United States under section 6673. *439 FINDINGS OF FACT Some of the facts have been stipulated, and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner, a citizen of the United States, began working abroad in 1965 and continued working abroad for various employers until June of 1984. From January 1, 1984, through June 15, 1984, petitioner worked as a consultant for Brunei Shell Petroleum Company Sendirian Berhad (hereinafter referred to as "Brunei Shell"). While he was so employed, petitioner lived in employer-provided housing, free of cost, in Kuaia Belait, Brunei. While employed with Brunei Shell, petitioner was on a 28/28 rotation, meaning that he would work for 28 days and then rest for 28 days. Petitioner was married throughout 1984. Petitioner and Mrs. Dye, who had one dependent child during the year, owned a home in College Station, Texas, throughout 1984 in which Mrs. Dye and the child resided at all times. Petitioner returned to College Station during each of his 28-day rest periods to spend such time with his family. During 1984 petitioner was in College Station from January 20 through February 12; March 16 through April 8; *440 May 11 through June 3; and June 16 through December 31. Throughout 1984 petitioner maintained a bank account in College Station and was registered to vote in the United States. Petitioner did not maintain a bank account outside of the United States during the taxable year at issue. Petitioner had no economic, familial, or personal ties to Brunei. However, petitioner did have a license to drive in Brunei and the use of a company car. Prior to trial, respondent provided petitioner with copies of numerous opinions issued by this Court in which we held, under similar circumstances, that the taxpayer had not established a tax home for purposes of the section 911 foreign earned income exclusion. OPINION I. Foreign Earned Income Exclusion
Section 911(a)(1) allows a "qualified individual" to exclude foreign earned income from gross income. A "qualified individual" is defined in section 911(d)(1) as one who has a "tax home" in a foreign country and who is: (A) a citizen of the United States and establishes to the satisfaction of the Secretary that he has been a bona fide resident *441 of a foreign country or countries for an uninterrupted period which includes an entire taxable year; or (B) a citizen or resident of the United States and who, during any period of 12 consecutive months, is present in a foreign country or countries during at least 330 full days in such period. Paragraph (1) of section 911(d) thus establishes two requirements which a taxpayer must meet in order to be considered a qualified individual for purposes of section 911(a). First, the taxpayer's "tax home" for purposes of section 911 must have been in a foreign country during the period at issue. Second, the taxpayer must have either been a bona fide resident of a foreign country for an uninterrupted period which includes an entire taxable year (the "bona fide residence" test) or the taxpayer must have been physically present in a foreign country for 330 days during a consecutive 12-month period (the "physical presence" test). We will first consider whether petitioner's "tax home" was in a foreign country for the taxable year at issue. Petitioner bears the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). *442 For purposes of section 911, the term "tax home" is defined in section 911(d)(3), which provides as follows: Tax home. -- The term "tax home" means, with respect to any individual, such individual's home for purposes of section 162(a)(2) (relating to traveling expenses while away from home). An individual shall not be treated as having a tax home in a foreign country for any period for which his abode is within the United States.
Thus, the determination of an individual's "tax home" for purposes of the foreign earned income exclusion requires the application of a general rule subject to an overriding exception. In the event that an individual's "abode" is in the United States, a determination of that individual's "tax home" within the meaning of section 162(a)(2) is immaterial. Based upon petitioner's economic, familial, and personal ties to Texas, and his lack of such ties with Brunei, we conclude that his "abode" remained in the United States. Petitioner's contact with *443 Texas were as a resident and domiciliary, whereas his contacts with Brunei were transitory at best. We hold that petitioner failed to establish a "tax home" in Brunei and is ineligible for the foreign earned income exclusion. Consequently, it is unnecessary for us to decide whether petitioner qualified under either the "bona fide residence" test or the "physical presence" test. II. Damages to the United States Under Section 6673
Section 6673 provided that whenever it appears that proceedings before this Court have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States. Further, as to positions taken after December 31, 1989, in proceedings which are pending on or commenced after such date, this Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Revenue Reconciliation Act of 1989, Pub. *444 L. 101-239, sec. 7731(a) and (d), 103 Stat. 2106, 2400-2402. Respondent argues that petitioner's position in these proceedings is frivolous or groundless. In numerous cases with similar facts we have held that the taxpayer failed to establish a "tax home" in a foreign country. See Harrington v. Commissioner, 93 T.C. 297 (1989); Harper v. Commissioner, T.C. Memo. 1990-94; Moudy v. Commissioner, T.C. Memo. 1989-216; Benham v. Commissioner, T.C. Memo. 1989-215; Bosarge v. Commissioner, T.C. Memo. 1989-15; Hummer v. Commissioner, T.C. Memo. 1988-528; Lemay v. Commissioner, T.C. Memo. 1987-256, affd. 837 F.2d 681 (5th Cir. 1988); Bujol v. Commissioner, T.C. Memo. 1987-230, affd. without published opinion 842 F.2d 328 (5th Cir. 1988).Because petitioner's abode clearly remained in the United States during the year at issue, and because petitioner was aware of the numerous cases in which we denied the taxpayer's claim under similar circumstances, we find that petitioner's position is frivolous and groundless and we require *445 petitioner to pay to the United States a penalty of $ 500 under the authority of section 6673. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩